IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALFREADA NYONEE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-3023-M-BW |
| | § | |
| LAUREN O'BRIEN, et al., | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the Complaint for a Civil Case received from Plaintiff Alfreada Nyonee on September 4, 2026. (Dkt. No. 3.) Based on the relevant filings and applicable law, the Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

## I. BACKGROUND

Nyonee filed a complaint against Defendants Dallas College and Lauren O'Brien, an associate dean of Dallas College. (*See id.* at 2.) Nyonee identified addresses in Dallas, Texas for herself and both Defendants. (*See id.* at 1-2.) In her complaint, Nyonee stated that she is a student at Dallas College and appeared to complain that Defendants are giving teachers shorter hours and are no longer providing Nyonee with a bus pass. (*See id.* at 4.) She did not identify any federal

[1] By Special Order No. 3-251, this pro se case has been automatically referred to the undersigned magistrate judge for case management. (*See* Dkt. No. 1.)

statute, treaty, or constitutional provision on which she based her claims in either her complaint or civil cover sheet. (*See id.* at 3, 6.)

By order dated September 17, 2026, the Court set forth the requirements for establishing federal subject matter jurisdiction and notified Nyonee that her complaint did not readily establish a basis for subject matter jurisdiction in this Court. (*See* Dkt. No. 5.) The Court ordered her to respond in writing demonstrating the existence of subject matter jurisdiction in this action no later than 21 days from the date of the order. (*See id.* at 3.) In response, Nyonee filed correspondence with "Diversity Jurisdiction" written across the top of the first page. (Dkt. No. 7 at 1.) She also stated that she was suing Defendants "because [her] right of education has been terminated from school[ b]ecause they [have made] short hours for teachers to teach [her.]" She also states that she cannot get to school "because bus pass is not available" and that she had "the bus pass before and they cut it, that means [her] right is den[ied] and terminated[.]" (*Id.* at 2.) She seeks "to have [her] bus pass back to be able to be in school with[]out pro[blem]." (*Id.*)

## II. ANALYSIS

Because Nyonee seeks to proceed in forma pauperis ("IFP") in this action, her complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). (*See* Dkt. No. 4.) Before screening a complaint under § 1915(e)(2)(B), however, the Court should always examine, sua sponte if necessary, the threshold question of whether it has subject matter jurisdiction. *See The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020).

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Unless otherwise provided by statute, federal subject matter jurisdiction requires: (1) an action "arising under the Constitution, laws, or treaties of the United States," also known as federal question jurisdiction; or (2) complete diversity of citizenship between adverse parties combined with an amount in controversy exceeding $75,000, also known as diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. The party seeking a federal forum bears the burden of establishing that subject matter jurisdiction exists. *See Willoughby v. United States ex rel. United States Dep't of the Army*, 730 F.3d 476, 479 (5th Cir. 2013).

Federal question jurisdiction "exists only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (internal quotation marks omitted). A federal statute or rule need not be cited by name to establish jurisdiction, but the party asserting jurisdiction must allege the jurisdictional basis "affirmatively and distinctly"; it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks omitted). Even if a plaintiff alleges a claim created by or implicating a substantial question of federal law, "federal courts are without power to entertain claims otherwise within their

jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion." *Hagans v. Levine*, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).

Regarding diversity jurisdiction, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). The party asserting jurisdiction must "distinctly and affirmatively allege[ ]" the basis for diversity jurisdiction, and the failure to do so "mandates dismissal." *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (internal quotation marks omitted).

The Court must liberally construe pleadings filed by pro se litigants, such as Nyonee. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (noting that pro se pleadings are "to be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers"). Liberally construing Nyonee's complaint and response to the Court's September 17 order with all deference due a pro se litigant, her causes of action, if any, are inartfully pled, and she has not alleged facts sufficient to establish federal question or diversity jurisdiction.

Here, in her response to the Court's September 17 order, Nyonee makes explicit reference to "Diversity Jurisdiction." (Dkt. No. 7 at 1.) Despite this reference, her complaint on its face defeats subject matter jurisdiction on the basis of diversity jurisdiction because it shows that she shares the same state of citizenship as both Defendants. (*See* Dkt. No. 3 at 1-3); *Corfield v. Dallas Glen Hills LP*, 355 F.3d

853, 857 (5th Cir. 2003) (stating that a district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants). Nyonee's response to the September 17 order does not dispute that the parties share the same state of citizenship. Nyonee also fails to establish diversity jurisdiction because she does not distinctly and affirmatively allege an amount in controversy that exceeds $75,000, and there is no basis from which the Court could reasonably infer such an amount.

Regarding federal question jurisdiction, Nyonee has not alleged such jurisdictional basis "affirmatively and distinctly," and, as the Court has explained, it cannot be "established argumentatively or by mere inference." *Ill. Cent. Gulf R.R. Co.*, 706 F.2d at 636. Further, because the complaint fails to present an adequate basis for federal question jurisdiction and diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over any state-law claims that Nyonee may be attempting to assert. *See* 28 U.S.C. § 1367(a).

Accordingly, the Court should dismiss the complaint sua sponte and without prejudice for lack of subject matter jurisdiction.

## III. LEAVE TO AMEND

Ordinarily, "a *pro se* litigant should be afforded an opportunity to amend his complaint before it is dismissed." *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Even so, the Court need not grant leave to amend "if the plaintiff has already pleaded his 'best case.'" *Id.* at 768. Here, Nyonee was given the opportunity to explain the basis of federal subject matter jurisdiction in this action, and as explained

by the Court, the facts as alleged by Nyonee in her complaint and her response to the Court's September 17 order demonstrate a lack of subject matter jurisdiction in this Court that does not appear to be curable by amendment. Granting leave to amend therefore would be futile and cause needless delay.

## IV. RECOMMENDATION

The Court should **DISMISS** this action without prejudice for lack of subject matter jurisdiction.

**SO RECOMMENDED** on October 20, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).